IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| THE PEOPLES BANK AND TRUST COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | MISC. NO. 2:06-MC-3350-MEF |
| DREW LOFSTAD, BROOK M. LOFSTAD, D&S MASONRY CONTRACTORS, LLC, D&R GENERAL CONTRACTING, LLC and AMANDA K. CLAY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## CONTEST OF ANSWER TO WRIT OF GARNISHMENT

Comes Now The Peoples Bank and Trust Company ("Peoples Bank") and contests RLI Insurance Company's ("RLI") answer to the writ of garnishment served upon RLI. In support of its contest of RLI's answer, Peoples Bank asserts the following.

### Background Facts

1.      On December 15, 2000, RLI issued a $10,000 notary bond (NOC 934002) to Amanda Clay ("Clay") for a term of four years (the "Notary Bond"). (See Exhibit A). On December 15, 2000, RLI also issued a $10,000 Notary Public Errors and Omissions Policy to Clay for a term of four years (the "Policy"). (See Exhibit B).

2.      In 2004, Peoples Bank sued Drew Lofstad, Brooke Lofstad, Clyde Lofstad, D & S Masonry, LLC and D & R General Contracting for default upon a promissory note and personal guaranties of the debt. On May 3, 2004,

Peoples Bank filed an amended complaint alleging that if the Court found that the signature on Clyde Lofstad's guaranty of debt to Peoples Bank was a forgery, Amanda Clay was liable due to her notarization of that signature.

3.    On July 5, 2006, due to default, the District Court for the Northern District of Alabama entered a final judgment against Clay for acts or omissions occurring on January 23, 2001. (Exhibit C).  The District Court did not find that Clay's acts or omissions were intentional or malicious.

4.    The acts or omissions for which Clay is liable occurred during the term of the Notary Bond and the Policy period.

5.    On January 24, 2007, a writ of garnishment was served upon RLI on behalf of Peoples Bank.

6.    On February 6, 2007, RLI answered the writ of garnishment claiming not to be indebted.

### The Notary Bond

7.    Although RLI admitted to issuing the $10,000 Notary Bond to Amanda Clay (NOC 934002), RLI denied it was indebted to Clay pursuant to said Notary Bond. (Answer, ¶ 2).  RLI's basis for its denial of indebtedness appears to be a claim that Clay does not have an ownership interest in the Notary Bond, despite that the face of the Notary Bond names Amanda Clay as Principal.  (See Exhibit A).

8.    Pursuant to the Notary Bond, RLI contracted to pay on behalf of Clay up to $10,000 for Clay's failure to faithfully discharge her duties as a notary.

The final judgment conclusively determined that Clay did not faithfully discharge her duties as a notary.

9.     A writ of garnishment is the proper procedure for Peoples Bank to enforce RLI's obligation to pay Peoples Bank on behalf of Clay.

10.     Counsel for RLI has notified counsel for Peoples Bank that RLI intends to consent to judgment on the Notary Bond.

11.     RLI's answer of not indebted is untrue and may have been filed in bad faith because RLI was aware of its undisputed obligation under the Notary Bond.

WHEREFORE, Premises Considered, Peoples Bank & Trust Company respectfully requests that this Court enter an order of judgment for $10,000 against RLI Insurance.

### The Insurance Policy

12.     RLI did not admit to being indebted to Clay pursuant to a Notary Public Errors & Omissions Policy, although said Policy was in force at the time of Clay's failure to faithfully comply with her duties as a notary.

13.     RLI did not deny coverage pursuant to the Policy within the time permitted.

14.     Although not within the time allotted by applicable law, RLI has communicated that it denies the Policy covers the judgment against Clay because the policy allegedly excludes "fraud".

15.     The insuring agreement provides:

7752.5

RLI Insurance Company (the "Company") will pay on behalf of the Insured, all sums which the Insured shall become obligated to pay by reason of liability for breach of duty while acting as a duly commissioned and sworn Notary Public, claim for which is made against the insured by reason of any negligent act, error or omission, committed or alleged to have been committed by the Insured, arising out of the performance of notarial service for others in the Insured's capacity as a duly commissioned and sworn Notary Public.

16.    The Policy expressly covers Clay's negligent acts or omissions, but excludes "any dishonest, fraudulent, criminal or malicious act or omission." The exclusion is for intentional fraud.

17.    Although Peoples Bank sued Clay for fraud, legal fraud in Alabama would include the negligent or mistaken misrepresentations of a notary. Ala. Code 6-5-101 (1975). An innocent misrepresentation is not intentional fraud, but rather is "legal fraud." Id.  Peoples Bank did not allege that Clay intentionally, dishonestly or maliciously defrauded Peoples Bank and the Court did not find that Clay's misrepresentation was intentional, dishonest, or malicious.  Amanda Clay could have notarized the signature of someone posing as Clyde Lofstad and forgot to check his driver's license.

18.    Any claim by RLI that the policy excludes legal fraud is outrageous, as the duty of a notary is to make representations and the only acts the Policy covers are those acts arising out of Clay's performance of notarial services.  If negligent misrepresentations (legal fraud) are excluded, the Policy covers nothing.

19.    The Policy includes $5000 of supplemental coverage for costs, including legal costs, incurred to investigate Clay's liability.    Peoples Bank has incurred in excess of $5000 in legal expenses to investigate Clay's liability.

Wherefore Premises Considered, Peoples Bank respectfully requests that the Court enter judgment in favor of Peoples Bank for $15,000 pursuant the Policy.    Peoples Bank prays for such other relief as the court or jury deems appropriate.

## JURY DEMAND

Peoples Bank demands trial by jury of all claims and defenses.

## VERIFICATION

Before me, the undersigned authority, personally appeared Deanna L. Weidner, who, being first duly sworn by me deposes and says as follows:  I have read all of the foregoing contents and they are correct to the best of my knowledge, information and belief.

_____

Deanna L. Weidner

SWORN TO AND SUBSCRIBED
before me this the _9th_
day of _March_, 2007.

Notary Public
My Commission Expires: _3/14/07_

7752.5

Respectfully submitted,

_____

David B. Anderson
Deanna L. Weidner
Attorneys for Peoples Bank & Trust Co.

OF COUNSEL:

WALLER, LANSDEN, DORTCH & DAVIS, LLP
AmSouth-Harbert Plaza, Suite 1400
1901 6th Avenue North
Birmingham, AL  35203
Phone:  (205) 214-6380
Fax:      (205) 214-8787
deanna.weidner@wallerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Contest of answer to Garnishment has been duly served upon counsel of record electronically by the Court and/or by mailing same by U.S. Mail, properly addressed and postage prepaid, to the following:

W. Calvin Bomar
CHRISTIAN AND SMALL, LLP
505 North Twentieth Street, Suite 1800
Birmingham, AL  35203

This the ____ day of March, 2007.

_____

OF COUNSEL

7752.5

EXHIBIT A



P.O. Box 3967 • Peoria, IL 61612-3967
(309) 692-1000 or (800) 645-2402
Fax : (309) 692-8637

**NOTARY BOND**
– Alabama –

**Bond No.   NOC- 934002**

THE STATE OF ALABAMA }

County of **Jefferson** }

## KNOW ALL MEN BY THESE PRESENTS:

That we _____ **Amanda Katherine Clay** _____, as Principal, and RLI Insurance Company, a corporation duly licensed to do business in the State of Alabama, as Surety, are held and firmly bound unto the State of Alabama in the sum of Ten Thousand Dollars ($10,000), for the payment of which well and truly to be made and done, we bind ourselves, our heirs, executors, administrators and assigns, firmly by these presents, and we hereby waive our right to claim personal property exempt under the laws of Alabama.

Sealed with our seals, and dated this ___**15th**___ day of ___**December**___, ___**2000**___.

WHEREAS, the above-named Principal has been duly appointed Notary Public _____

(State at Large) beginning the ___**15th**___ day of ___**December**___, ___**2000**___; for the term of four years

in and for said County.

NOW, THEREFORE, the condition of this bond is that if the named Principal shall faithfully discharge the duties of the office of Notary Public during his/her continuance therein, then this obligation shall be null and void; otherwise, it shall remain in full force and effect.

Countersigned

By _Leroy Clark_
Leroy Clark, Alabama Resident Agent

Clark Assoc, 2228 Rocky Rodge Road
Hoover, Al. 35216 Address -4416

Amanda Katherine Clay
_Amanda Katherine Clay_ (L.S.)
Principal

RLI Insurance Company

By _Jonathn E Michael_ (L.S.)
President

Approved and filed this _____ day of _____, _____

_____
Judge of Probate

By _____

THE STATE OF ALABAMA

County of **Jefferson** }

OATH OF OFFICE

I, ___**Amanda Katherine Clay**___, do solemnly swear that I will support the Constitution of the United States and the Constitution of the State of Alabama, so long as I continue a citizen thereof; and that I will faithfully and honestly discharge the duties of the office upon which I am about to enter, to the best of my ability, so help me God.

Subscribed and sworn to before me this ___**15th**___ day of ___**December**___, ___**2000**___.

_Carolyn A Head_
Notary Public
Carolyn A. Head
My Commission Expires 1-23-01

Amanda Katherine Clay
_Amanda Katherine Clay_
Principal

RLI Insurance Company
1-309-692-1000

NOC0001-AL (08/00)

Page 1 of 3 pages

EXHIBIT B



P.O. Box 3967 • Peoria, IL 61612-3967
(309) 692-1000

**NOTARY PUBLIC ERRORS AND OMISSIONS POLICY**

## Policy No. NOC- 934002

Item 1.   Name of Insured:   **Amanda Katherine Clay**

(the "Insured")

Principal Address   **262 Three Sons Drive**
**Birmingham, Alabama 35226**

Item 2.   Policy Period: This policy applies only to negligent acts, errors or omissions which occur during the policy period and then only if claim, suit or other action arising therefrom is commenced during the policy period or within the applicable Statute of Limitations pertaining to the insured.

The Policy Period runs concurrently with the Insured's commission which ends   **December 15**   ,
**2004**   .

Item 3.   Limits of Liability:   The liability of this Company shall not exceed in the aggregate for all claims under this insurance the amount of _____ **Ten Thousand** _____ Dollars ($____ **10,000** ____ ).

**I.   INSURING AGREEMENT**
RLI Insurance Company (the "Company") will pay on behalf of the Insured, all sums which the Insured shall become obligated to pay by reason of liability for breach of duty while acting as a duly commissioned and sworn Notary Public, claim for which is made against the Insured by reason of any negligent act, error or omission, committed or alleged to have been committed by the Insured, arising out of the performance of notarial service for others in the Insured's capacity as a duly commissioned and sworn Notary Public.

**II.   EXCLUSIONS**
Coverage under this policy does not apply to any dishonest, fraudulent, criminal or malicious act or omission of the Insured.

**III.   COINSURANCE**
If the Insured has other insurance against a loss covered by this Policy, the Company shall not be liable under this Policy for a greater proportion of such loss, cost and expenses than the limit of liability stated in this Policy bears to the total limit of liability of all valid and collectible insurance against such loss.

**IV.   CANCELLATION**
This Policy may be cancelled by the Company by mailing thirty (30) days written notice to the Insured and may be cancelled by the Insured by surrender thereof to the Company or any of its agents or by mailing to the Company thirty (30) days written notice and this Policy shall be deemed cancelled and the Policy Period terminated upon such return or at the expiration of said thirty (30) days. A pro rata return premium shall be allowed on cancellation for limits of coverage in excess of $10,000 and for which an additional premium has been paid.

**V.   SUPPLEMENTAL PAYMENTS**
In addition to the applicable Limits of Liability and in accordance with the other provisions of this Policy, the Company will pay costs and expenses paid and incurred in investigating, contesting or settling liability of the Insured in an amount not to exceed one-half of the Limits of Liability of this Policy with respect to the Insured.

Dated this ____ **15th** ____ day of ____ **December** ____ , ____ **2000** ____ .

Countersigned
_Leroy Clark_
Leroy Clark, Attorney-In-Fact
By _Leroy Clark_
Resident Agent

RLI INSURANCE COMPANY

By _Jonathan E. Michael_
Jonathan E. Michael, President

Address Claims to: RLI Surety Division, P.O. Box 3967, Peoria, Illinois 61612-3967

NOC0001-AL (08/00)

Page 3 of 3 pages